UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GREG GILLIAM                                                                                           PLAINTIFF

        v.                              Civil No. 1:12-cv-01008

DAVID JOHNSON;
SUSAN JANKLEY; and
STEVEN GRIEVERS                                                                                   DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Greg Gilliam, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Arkansas Department of Correction Tucker Unit in Tucker, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendant Johnson's Motion to Dismiss. ECF No. 15. Plaintiff responded. ECF No. 19. After careful consideration I make the following Report and Recommendation.

**I.      BACKGROUND**

Plaintiff originally submitted this *pro se* action for filing in the Eastern District of Arkansas on January 1, 2012. It was properly transferred to this Court on February 6, 2012. ECF No. 3. The Court granted Plaintiff *in forma pauperis* ("IFP") status and ordered the United States Marshall's Service to serve Plaintiff's Complaint on June 20, 2012 ("Service Order"). ECF No. 6. For unknown reasons, but through no fault of Plaintiff, Defendants were never served pursuant to the

1

Service Order. Upon learning of this fact in May 2014, the Clerk of the Court resent the Service Order and documents to be served on Defendants by the United States Marshal Service.

Defendant Sheriff David Johnson was served on May 29, 2014. Additionally, pursuant to the Service Order, Defendant Johnson has provided the Court with the last known addresses of Defendants Susan Tanksley and Stephen Griever for service.[1] The Court issued a second service order for Defendants Tanksley and Griever on October 3, 2014. ECF No. 20. I am unaware at this time if Tanksley and Griever have been served as those summons have yet to be returned.

In Defendant Johnson's Motion to Dismiss, he argues Plaintiff's Complaint should be dismissed for failure of service pursuant to Federal Rule of Civil Procedure 4. Plaintiff responded arguing he did not know Defendant Johnson was not served.

## II.   APPLICABLE LAW

Pro se plaintiffs are not excused from complying with the Court's procedural rules. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). Federal Rule of Civil Procedure 4, however, provides not only a deadline for proper service but also court discretion for extension of the service deadline. Rule 4(m) reads in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). The Advisory Committee Notes to Rule 4(m) explain that this subdivision

---

[1] The Ashley County Sheriff's Office was directed by the Service Order to provide the last known address of any defendants on which it was unable to accept service. ECF No. 6.

2

"explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed. R. Civ. P. 4(m) advisory committee's note (1993).

However, when a prisoner plaintiff is granted leave to proceed *in forma pauperis* the Court assumes the duties of service. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). Further, the Eighth Circuit has held that the U.S. Marshal's "failure to effect service is automatically good cause within the meaning of Rule 4(m)" when the plaintiff has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(d). *Moore v. Jackson,* 123 F.3d 1082, 1085-86 (8th Cir. 1997). *See also Lee v. Armontrout,* 991 F.2d 487 (8th Cir. 1993) ("in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service").

### III.  DISCUSSION

Here, Plaintiff was granted IFP status by order dated June 20, 2012 and pursuant to the Court's duty under section 1915(d), I ordered service in this same order. For reasons unknown to me, this service order was never effectuated by the U.S. Marshal Service. This was due to no fault of Plaintiff and Plaintiff, as a *pro se* prisoner proceeding IFP pursuant to section 1915(d), should not be penalized for this lapse by the Court and U.S. Marshal Service.

Additionally, Plaintiff was never provided with any explicit notice that Defendant Johnson was not served in compliance with the Court's June 20, 2012 Order nor was he directed by the Court to effectuate service himself. *Compare Edwards v. Edwards,* 754 F.2d 298, 299 (8th Cir. 1985) (per curiam) (finding no abuse of discretion for dismissal for failure to serve when the plaintiff was

warned his case would be dismissed if he did not serve the defendants); *see also Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286-88, n. 3 (11th Cir. 2009) (an IFP plaintiff is entitled to rely on service by marshal service but he may not do nothing once he receives notice of failure to effectuate service). Here, there were no returns of service filed on the docket to notify Plaintiff that Defendant Johnson was not served. Further, Plaintiff did not ignore prompts or directions from the Court regarding service on Defendant Johnson. There simply was no activity on the docket. While a skilled attorney would infer from this lack of activity that service was not effectuated, Plaintiff, as a *pro se* litigant, simply relied on the Service Order and waited for some indication of his next step in the case. Therefore, I find the Court and Marshal Service's failure to effectuate service on Defendant Johnson pursuant to section 1915(d) is good cause for an extension of the Rule 4(m) deadline. *See Moore v. Jackson,* 123 F.3d 1082, 1085-86 (8th Cir. 1997). *See also Lee v. Armontrout,* 991 F.2d 487 (8th Cir. 1993). Further, I recommend pursuant to this finding that service of Defendant Johnson be held as proper and timely. Johnson should be ordered to answer the Complaint.

Additionally, I recognize Defendant Johnson's argument that Plaintiff's failure to make diligent and reasonable efforts to effect service should be considered in determining whether there is good cause to extend the service deadline.[2] Plaintiff, however, was never provided with explicit

---

[2] In support of his arguments, Defendant Johnson cites *Campbell v. Wilhite,* 2007 WL 3235097 (E.D. Mo. Oct. 31, 2007). I find this case inapplicable as Campbell did not proceed IFP and was specifically informed by the court that the Marshal Service would not serve his summons. *Id.* at 1. Further, Defendant Johnson cites *Williams v. White,* 897 F.2d 942, 944 (8th Cir. 1990) for the holding that a "complaint not served within requisite time *shall* be dismissed without prejudice." ECF No. 16, p. 3 (emphasis added). I find no such holding in *Williams.* The issue in *Williams* was related to the screening process under 28 U.S.C. § 1915(d). The *Williams* court did, however, make a footnote stating "[u]nder § 1915 issuance and service of process is to be done by officers of the court, and indeed under Federal Rule of Civil Procedure 4(j) if service

4

notice that Defendant Johnson was not served pursuant to the Service Order, and Plaintiff argues he was unaware that Defendant Johnson was not served. Therefore, I find that Plaintiff's failure to proactively pursue service does not outweigh the good cause for extension of time to obtain service warranted by the Court and Marshal Services failure to effectuate service. *Edwards,* 754 F.2d at 299; *see also Rance,* 583 F.3d at 1286-88, n. 3.

Lastly, I do not discount the potential prejudice alleged by Defendant Johnson, however, Plaintiff does not bear the responsibility of such prejudice. It was the duty of the Court and the U.S. Marshal Service to effectuate timely service, and the failure to do so was through no fault of Plaintiff. Further, Defendant Johnson did not allege how this delay has actually prejudiced him.

## IV. CONCLUSION

For the foregoing reasons, I recommend Defendant Johnson's Motion to Dismiss (ECF No. 15) be **DENIED**. I also recommend Defendant Johnson be **ORDERED** to answer within 21 days of the Court adopting this Report and Recommendation.

---

is not made within 120 days after the filing of the complaint the action *may* be dismissed without prejudice." *Williams v. White*, 897 F.2d 942, 944 n. 1 (8th Cir. 1990) (emphasis added). The *Williams* court recognized the discretion allowed the courts in Rule 4 but there is no pronouncement in *Williams* binding this Court to a ruling dismissing Plaintiff's claims for failure to timely serve. Further, all other supporting precedent cited by Defendant Johnson was merely persuasive opinions from outside of the Eighth Circuit.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 20th day of October 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE