UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GREG GILLIAM                                                                                          PLAINTIFF

          v.                        Civil No. 1:12-cv-01008

DAVID JOHNSON;
SUSAN JANKLEY; and
STEVEN GRIEVERS                                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Greg Gilliam, pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated in the Arkansas Department of Correction Randall L. Williams Correctional Facility in Pine Bluff, Arkansas.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to respond to a Court Order and Defendants' Motion for Summary Judgment.  ECF No. 33.  After careful consideration I make the following Report and Recommendation.  unclear

### BACKGROUND

Plaintiff originally submitted this *pro se* action for filing in the Eastern District of Arkansas on January 31, 2012.  ECF No. 2.  It was properly transferred to this Court on February 6, 2012.  ECF No. 3.  At the time Plaintiff filed his Complaint he was incarcerated in the Ashley County Detention Center ("ACDC").  Plaintiff is currently incarcerated in the Arkansas Department of Correction Randall L. Williams Correctional Facility in Pine Bluff, Arkansas ("ADC").  Plaintiff

1

names Sheriff David Johnson, Nurse Susan Jankley, and Jail Administrator Steven Grievers as Defendants in his Complaint. In his Complaint, Plaintiff alleges his constitutional rights were violated, while incarcerated at the ACDC, when he was denied medical care for "several weeks" before receiving an x-ray of his broken hand and also when he was subsequently denied surgery for his hand because the ACDC did not want to pay for it. ECF No. 2.

Specifically, Plaintiff claims he broke his hand in October 2011 while incarcerated at the ACDC. ECF No. 2, p. 4. Plaintiff filed multiple grievances complaining about his hand, and after "several weeks" of no medical treatment, he was taken to Ashley County Medical Center. At the hospital, Plaintiff received a x-ray and was told he needed surgery on his hand. ECF No. 2. p. 4. Plaintiff alleges, rather than pay for his surgery he was released on bond to have his surgery and then arrested again "when the officials thought [he] had been out long enough to get [his] hand fixed." ECF No. 2, p. 4.

Defendants filed their Motion for Summary Judgment on January 5, 2015. ECF No. 34. On January 7, 2015, I ordered Plaintiff to return a notice, by January 21, 2015, to the Court indicating whether he requested the assistance of the Court to respond to Defendants' Motion for Summary Judgment. ECF No. 36. Plaintiff failed to respond by the Court imposed deadline. On January 22, 2015, I issued an Order to Show Cause directing Plaintiff to show cause, by January 30, 2015, as to why he failed to respond and also to respond indicating whether he requested the Court's assistance in responding to the Defendants' Motion for Summary Judgment. ECF No. 37. Plaintiff failed to respond to the Order to Show Cause by the Court imposed deadline. On February 5, 2015, I issued a Report and Recommendation recommending to the Honorable Susan O. Hickey, District Judge that this case be dismissed based on Plaintiff's failure to comply with

the Court's orders and prosecute this matter. ECF No. 38. On February 9, 2015, Plaintiff filed the notice indicating he requested the Court's assistance in responding to Defendants' Motion for Summary Judgment. ECF No. 39. Based on this filing, Judge Hickey declined to adopt the February 5, 2015 Report and Recommendation to dismiss this action based on Plaintiff's failure to comply with the Court's orders and prosecute this action. ECF No. 40. On February 19, 2015, I issued a Questionnaire to Plaintiff to aide him in responding to Defendants' Motion for Summary Judgment. Plaintiff was ordered to return the completed questionnaire by March 5, 2015. ECF No. 41. Plaintiff failed to do so and as of the date of this Report and Recommendation, Plaintiff has not returned the Questionnaire.[1]

**DISCUSSION**

Plaintiff has failed to comply with the Court's orders and his Complaint could be dismissed on these grounds alone, however, I will also provide a recommendation on Defendants' Motion for Summary Judgment herein.

1. Failure to Comply

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal

---

[1] The Clerk's office did not receive mail on March 5 or 6, 2015 due to icy weather, however, the Clerk's office did receive mail today, March 9, 2015, and there was no Response or other mail from Plaintiff in this mail delivery.

Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

Plaintiff has failed to comply with the Court's February 19, 2015 Order which advised him his completed questionnaire was due on or before March 5, 2015 and failure to respond by this deadline would subject this matter to dismissal. ECF No. 41. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed for failure to comply with the Court's Orders. *See* Fed. R. Civ. P. 41(b).

2.  <u>Defendants' Motion for Summary Judgment</u>

Alternatively, the Court may dismiss Plaintiff's Complaint as a matter of law by granting Defendants' Motion for Summary Judgment as recommended below.

4

Defendants argue in their Motion for Summary Judgment that based on the undisputed facts it is clear that Defendants did not violate Plaintiff's constitutional rights. Further, Defendants argue that even if the Court finds the Defendants did violate Plaintiff's constitutional rights they are entitled to qualified immunity.

While, Plaintiff did not respond to Defendants' Motion for Summary Judgment, I am able to make a report and recommendation on the Motion. Plaintiff's first claim that he was denied medical care for his broken hand for "several weeks" before he was taken for an x-ray may be determined as a matter law. Further, Defendants have claimed qualified immunity against Plaintiff's second claim—that he was denied medical care by being released the day before his scheduled hand surgery to insulate the ACDC from the costs of the surgery. Therefore, the Court will consider the facts alleged in Plaintiff's Complaint, in the light most favorable to Plaintiff, in the analysis of these issues. The Court's analysis would not be altered by a response from Plaintiff as there are no factual issues involved.

    A.    <u>Applicable Summary Judgment Law</u>

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

  B. <u>Delay of Medical Care</u>

Plaintiff first claims he was denied treatment of his broken hand for "several weeks" before being transported to the hospital for x-rays. ECF No. 2, p. 4. At the hospital, Plaintiff was informed he would need surgery on his hand. ECF No. 2, p. 4.

A delay of medical care claim falls under the same deliberate indifferent standard as a denial of medical care claim. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

Here, even taking the facts alleged in Plaintiff's complaint as undisputed and true, Plaintiff has failed to show Defendants were deliberately indifferent to his medical needs when they waited "several weeks" to take him to the hospital for an x-ray of his hand. *See e.g., Johnson v. Hamilton,*

452 F.3d 967, 973 (8th Cir. 2006) (the delay of a month from the time the plaintiff's finger was tentatively diagnosed as fractured and the x-ray of the finger was held to be merely negligent); *see also Bryan v. Endell,* 141 F.3d 1290 (8th Cir. 1998) (the delay in treating prisoner's broken hand rendering surgery impractical was merely negligent and did not rise to deliberate indifference as there was no evidence showing officials actually knew of the risk of harm but deliberately failed to act amounting to callousness); *see also Pietrafeso v. Lawrence County,* 452 F.3d 978, 983 (8th Cir. 2006) (showing of deliberate indifference is greater than gross negligence).

Accordingly, Plaintiff's delay of medical care claim fails as a matter of law.

C.     Denial of Medical Care

Plaintiff's second claim is that he was denied medical care when Defendants released him from the ACDC the day before his hand surgery was scheduled. Specifically, Plaintiff claims in his Complaint:

> The Officials including the Sherrif Refused to pay for the operation while I was in the care of Ashley County Detention Center because it costs to much So he let me out on A O.R. Bond knowing I couldn't Pay for it I couldn't even make bond when the officials thout I had been out long enough to get my hand fixed they picked me . . . back up.

ECF No. 2, p. 4 (errors in original).

Defendants have claimed they are entitled to qualified immunity against Plaintiff's claims. "Qualified immunity shields government officials from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Brown v. City of Golden Valley,* 574 F.3d 491, 495 (8th Cir. 2009). The qualified immunity inquiry consists of two questions: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Johnson v. Carroll,* 658 F.3d 819, 825

7

(8th Cir. 2011). "Unless the answer to both of these questions is yes, the defendants are entitled to qualified immunity." *Langford v. Norris,* 614 F.3d 445, 459 (8th Cir. 2010). It is within the discretion of the Court to determine what orer to address these questions. *See Pearson v. Callahan,* 555 U.S. 223, 236 (2009).

I will first consider "whether the right [to adequate medical care] was clearly established . . . in light of the specific context of the case.'" *Scott v. Harris*, 550 U.S. 372, 377 (2007) (quoting *Saucier v Katz,* 533 U.S. 194, 201 (2001). In addressing this prong of the qualified immunity analysis, the Court must not only consider the prior case law but also consider "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *McCoy v. City of Monticello*, 342 F.3d 842, 844 (8th Cir. 2003); *see also Brockington v. City of Sherwood*, 503 F.3d 667, 672 (8th Cir. 2007) ( a genuine issue of material fact as to whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted will defeat summary judgment based on qualified immunity).

As stated above, the Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County,* 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he

"has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald,* 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

For the subjective prong of deliberate indifference, the prisoner must show "more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Laganiere v. County of Olmsted*, 772 F.3d 1114, 1116-7 (8th Cir. 2014) (internal quotations ommitted). The official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

Further, it is well settled that a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citations omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990).

Obviously, based on the enumerated case law, an inmate's constitutional right to adequate medical care was clearly established in October 2011 at the time Defendants released Plaintiff from

9

the ACDC to insulate the County from the costs of the surgery. This, however, is not the end of the "clearly established" inquiry.

Next, the Court must consider whether it would be clear to a reasonable jail official that his conduct was unlawful in the situation confronting Defendants. *See Brockington* , 503 F.3d at 672. This standard does not require that prior case law address the exact facts faced by an official in order to provide notice to the official. *Craighead v. Lee*, 399 F.3d 954, 962 (8th Cir. 2005) (internal quotations omitted). Instead, an official may still be on notice his conduct violates established law even in novel factual circumstances. *Id*. "Although earlier cases involving fundamentally similar facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding." *Id.* However, "an [official] does not lose his qualified immunity because of a mistaken, yet reasonable belief, nor does an [official] lose his immunity because of a reasonable mistake as to the legality of his actions." *McCoy* , 342 F.3d at 844. Therefore, the issue here is whether prior case law would have put a reasonable jail official on notice that releasing an inmate to secure medical care on his own accord in an effort to insulate the County from the costs of that medical care violates Plaintiff's Eighth Amendment rights.

The case law clearly provides notice that a prison official may not substitute his judgment for that of a medical professional. *Pietrafeso v. Lawrence County*, 452 F.3d 978, 983 (8th Cir. 2006)(it is deliberate indifference to intentionally interfere with treatment or medication that has been prescribed). It is also clearly provides notice that a prison official may not deny an inmate medical care based on his inability to pay for the medical care. *See Hartsfield v. Colburn*, 371 F.3d 454, 457-8 (8th Cir. 2004) (a jail doctor, who was aware of the inmate's tooth pain, that withheld dental care for approximately one and a half months for non-medical reasons was not

entitled to summary judgment and evidence regarding jail policy on the issue also implicated the sheriff of the county); *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987) (prison officials may not condition medical treatment on the inmate's ability or willingness to pay).  Moreover, an intentional refusal to provide medical care constitutes deliberate indifference.  *See Vaughan v. Lacey*, 49 F.3d 1344, 1345 (8th Cir. 1995)(deliberate indifference includes intentional denial of access to medical care).  However, there is no instructive case law, within the Eighth Circuit, to put a reasonable jail official on notice that releasing a prisoner to procure a recommended surgery on his own accord rather than the jail paying for the surgery violates the prisoner's constitutional rights.  *See Craighead,* 399 F.3d at 963.

Further, neither the Eighth Circuit nor the Supreme Court have recognized a duty to provide medical care for inmates post release.  Only one federal circuit has recognized an Eighth Amendment duty to provide medical care post-release.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1164 (9th Cir. 1999) (""[T]he state must provide an outgoing prisoner who is receiving and continues to require antipsychotic medication with a supply sufficient to ensure that he has that medication available during the period of time reasonably necessary to permit him to consult a doctor and obtain a new supply.  A state's failure to provide medication sufficient to cover this transitional period amounts to an abdication of its responsibility to provide medical care to those, who by reason of incarceration, are unable to provide for their own medical needs.").  Under the Ninth Circuit's reasoning, the duty to provide care for a reasonable time after an inmate is released from custody arises from the state's restriction on the person's liberty to obtain care on his own behalf not from the fact the person was injured while incarcerated.  *Couch v. Wexler,* Civil No. 1:06-CV-1998-RLV, 2007 WL 2728987, at *7 n.4  (N.D. Ga. Sept. 13, 2007) (citing *Wakefield v. Thompson,* 177 F.3d 1160 (9th  Cir. 1999)).  "Accordingly, to the extent that incarceration (or

the period following it) does not restrict a person's liberty, then the constitutional duty to provide care under the Eighth Amendment diminishes." *Id.* The Ninth Circuit's reasoning is not binding on this Court or Defendants. It does further illustrate the current ambiguous state of the law on this issue. I find that the prior case law regarding denial of medical care rights would not put a reasonable jail official on notice that releasing an inmate to receive recommended surgery on his own accord rather than the County paying for the surgery would violate that inmates constitutional rights. Therefore, the right is not clearly established as it applies in the circumstances presented here. *See McCoy*, 342 F.3d at 844 (it must be clear to a reasonable officer that his conduct was unlawful in the situation he confronted).

Having found prior case law would not put a reasonable jail official on notice that their actions were unlawful, it is unnecessary to determine whether the facts alleged by Plaintiff state a constitutional violation. *See Pearson,* 555 U.S. at 236; *Langford,* 614 F.3d at 459. Accordingly, I find Defendants are entitled to qualified immunity of Plaintiff's denial of surgery claim and their Motion for Summary judgment should be granted.

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 2) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Court's Order and the Federal Rules of Civil Procedure by filing his resonse to Defendants' Motion for Summary Judgment.

In the alternative, I recommend Defendants' Motion for Summary Judgment be **GRANTED** and Plaintiff's Complaint (ECF No. 2) be **DISMISSED** with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

      **DATED this 9th day of March 2015.**

                                        /s/ Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        UNITED STATES MAGISTRATE JUDGE