IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GREG GILLIAM                                                                                               PLAINTIFF

v.                                        Case No. 1:12-cv-01008

DAVID JOHNSON; SUSAN
JANKLEY; and STEVEN GRIEVERS                                                              DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed March 9, 2015 by the Honorable Barry A. Bryant, United States District Judge for the Western District of Arkansas. (ECF No. 43). Judge Bryant recommends that Plaintiff's Complaint be dismissed without prejudice on the grounds that Plaintiff has failed to comply with the Court's Order and the Federal Rules of Civil Procedure by failing to file his response to Defendants' Motion for Summary Judgment. In the alternative, Judge Bryant recommends that Defendants' Motion for Summary Judgment (ECF No. 33) be granted and Plaintiff's Complaint (ECF No. 2) be dismissed with prejudice on the merits. Plaintiff has responded to the Motion for Summary Judgment. (ECF No. 44).

Judge Bryant first recommends that the Complaint be dismissed for failing to comply with the Court's imposed deadlines. Specifically, Plaintiff failed to comply with the Court's Order advising him to complete his summary judgment questionnaire by March 5, 2015. However, after Judge Bryant issued his Report and Recommendation, the Clerk received Plaintiff's completed questionnaire. Along with the questionnaire, the Plaintiff certified that he had placed the response in the prison legal mail system, in accordance with the mailbox rule, on March 5, 2015, within the deadline.[1] Therefore, the Motion for Summary Judgment will not be granted on those grounds.

However, Judge Bryant provided alternative grounds for granting the Motion for Summary

---

[1] The Court notes that Gilliam actually certified that he placed the response in the prison mail system on the "3 day of 5," or May 3rd, but this was obviously an error. The Court assumes he meant the "5 day of 3," or March 5th.

Judgment, noting that a response to Defendants' Motion for Summary Judgment would not alter the analysis because there are no factual issues involved. In Plaintiff's Complaint, he asserts that he was denied medical care for "several weeks" before he was taken for an x-ray and that he was denied medical care by being released the day before his scheduled hand surgery to insulate the Ashley County Detention Center ("ACDC") from the costs of surgery.

## I. Background

Plaintiff was booked in the ACDC on July 25, 2011. He alleges that he was involved in an altercation on October 6, 2011 and suffered a broken hand. On October 7, 2011, he requested medical treatment for a swollen hand. He received an ice packs daily from October 7, 2011 through October 17, 2011, and he received 800 mg. of Motrin daily from October 14, 2011 through October 26, 2011. Plaintiff was transported by the Ashley County Sheriff's Department to a doctor's office for a consultation on October 26, 2011, and the doctor scheduled him for surgery on October 31, 2011. On October 30, 2011, Plaintiff was released from the Ashley County Sheriff's Department, with instructions to report back to the detention center in 30 days. On that day, he signed an ACDC release form in which he was informed that he was being released for medical reasons and he acknowledged that he would seek medical attention while released. In the release form, Plaintiff was informed that he was responsible for going to his scheduled hand surgery appointment. Plaintiff did not appear for his scheduled surgery on October 31, 2011, and he did not report back to the ACDC after his release. He was thereafter arrested on January 8, 2012 and again incarcerated at the ACDC.

## II. Discussion

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the

disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

In his Complaint, Plaintiff's first allegation is that he was denied medical care for "several weeks" before he was taken for an x-ray. A delay of medical care claim falls under the same deliberate indifferent standard as a denial of medical care claim. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). Taking the undisputed facts as true, and granting all inferences in favor of the Plaintiff, he has failed to show that Defendants were deliberately indifferent to his medical needs or that there is a fact in dispute for decision by a jury. Plaintiff was taken to a doctor 19 days after first requesting medical attention on his hand where he received an x-ray. He received additional medical attention, including ibuprofen and ice packs before he was taken for an x-ray. *See, e.g.*, *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (the delay of a month from the time the plaintiff's finger was tentatively diagnosed as fractured and the x-ray of the finger was held to be merely negligent); *see also Bryan v. Endell*, 141 F.3d 1290 (8th Cir. 1998) (the delay in treating prisoner's broken hand rendering surgery impractical was merely negligent and did not rise to deliberate indifference as there was no evidence showing officials actually knew of the risk of harm but deliberately failed to act amounting to callousness). His claim for denial of medical care for lack of medical attention for his broken hand should fail.

Plaintiff's second claim is that he was denied medical care when Defendants released him from the ACDC the day before his hand surgery was scheduled. Defendants claim that they are entitled to qualified immunity on this claim. The qualified immunity inquiry consists of two questions: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or

3

statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Johnson v. Carroll*, 658 F.3d 819, 825 (8th Cir. 2011).

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert*, 684 F.3d at 817. Thus, an inmate's constitutional right to adequate medical care is clearly established. However, Plaintiff has not shown that the conduct of Defendants in releasing Plaintiff for his surgery is clearly unconstitutional. The Court agrees with Judge Bryant's reasoning that a reasonable jail official would not have been on notice that releasing an inmate to receive recommended surgery on his own accord rather than the County paying for the surgery would violate that inmate's constitutional rights. Accordingly, Defendants are entitled to qualified immunity on this claim.

### III. Conclusion

Accordingly, the Court adopts the Report and Recommendation which recommends Defendant's Motion for Summary Judgment be granted on the merits. For the reasons stated herein as well as those in the Report and Recommendation, Defendant's Motion for Summary Judgment (ECF No. 33) is hereby **GRANTED**. Plaintiff's Complaint (ECF No. 2) is **DISMISSED** with prejudice.

**IT IS SO ORDERED**, this 27th day of March, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge